IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEN MCWATTERS <br> 4223 S. Redwood Place <br> Broken Arrow, OK 74011 <br> <br> Plaintiff, <br> <br> v. <br> <br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS <br> AND EXPLOSIVES <br> 99 New York Ave. NW <br> Washington, DC 20001 <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 20-1092 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Ken McWatters ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") in failing to provide Plaintiff with the records sought by his May 7, 2014, FOIA request sent to this federal agency, seeking a copy of an audio file recorded during the 2003 Station Nightclub Fire in West Warwick, Rhode Island.

**II. JURISDICTION**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

### III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

### IV. PARTIES

4. Plaintiff, Ken McWaters, is an individual that, at all times relevant herein, has resided in Broken Arrow, Oklahoma.

5. Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives is a federal agency of the United States, and a sub-component of the United States Department of Justice, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

### V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13. On or about May 7, 2014, Plaintiff sent a FOIA request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), seeking a copy of an audio recording

from the Station Nightclub Fire incident in West Warwick, Rhode Island in 2003.

14.  On or about August 8, 2014, the ATF sent Plaintiff a letter confirming receipt of Plaintiff's May 7, 2014, FOIA request and assigning it reference number 2014-0800.

15.  On or about November 13, 2014, Plaintiff emailed ATF, requesting an update for his May 7, 2014 FOIA request.

16. On or about February 11, 2016, Plaintiff again emailed ATF, requesting the status of the agency's response to his May 7, 2014, FOIA request.

17.  On or about March 31, 2017, Plaintiff sent another email to ATF, once again inquiring as to the status of the agency's response to his May 7, 2014, FOIA request.

18.  On or about April 4, 2017, ATF sent an email to Plaintiff informing Plaintiff that it was processing his May 7, 2014, FOIA request, and noting that it would have a response to his record request soon.

19.  On or about January 13, 2018, Plaintiff sent an email to ATF, once again inquiring as to the status of his May 7, 2014, FOIA request.

20.  On or about May 6, 2018, Plaintiff sent an email to ATF, providing additional information to help ATF locate the audio file that Plaintiff was seeking in his May 7, 2014, FOIA request.

21.  On or about March 23, 2019, Plaintiff emailed ATF, once again requesting the status of his May 7, 2014, FOIA request.

22. On or about December 2, 2019, Plaintiff once again emailed ATF, inquiring as to the status of his FOIA request.

23. As of the date of the filing of this action, Plaintiff has not received a decision or any records in response to his May 7, 2014, FOIA request to ATF.

## VII. CLAIMS FOR RELIEF

24. Plaintiff realleges, as if fully set forth herein, paragraphs 1-23 previously set forth herein.

25. Defendant ATF has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his May 7, 2014, FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to his FOIA request.

26. By failing to provide Plaintiff with all non-exempt responsive record to his May 7, 2014, FOIA request as described in paragraph 13, and by failing to perform an adequate search for responsive records, Defendant ATF has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

27. Defendant ATF has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 7, 2014, FOIA request.

28. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's May 7, 2014, FOIA request, Defendant ATF has denied

Plaintiff's right to this information as provided by law under the Freedom of Information Act.

29.  Unless enjoined by this Court, Defendant ATF will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

30. Plaintiff is directly and adversely affected and aggrieved by Defendant ATF's failure to provide responsive records to his FOIA request described above.

31. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

32. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his May 7, 2014, FOIA request.

2. Declare Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's May 7, 2014, FOIA request.

3. Direct by injunction that Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives perform an adequate search for records responsive to his May 7, 2014, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's May 7, 2014, FOIA request.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 27th day of April, 2020.

Respectfully submitted,

<u>/s/ Daniel J. Stotter</u>
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**