## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**KEN MCWATTERS**,

                Plaintiff,

        v.

**BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES**,

                Defendant.

Civil Action No. 20-cv-1092 (TSC)

### AMENDED MEMORANDUM OPINION[1]

Plaintiff Ken McWatters brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of a recording maintained by Defendant, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Compl., ECF No. 1.  ATF moved for summary judgment after answering McWatters' complaint, ECF No. 10 ("ATF MSJ").  McWatters cross-moved for summary judgment, ECF No. 13 ("Pl.'s MSJ").  For the reasons set forth below, the court will **GRANT** in part and **DENY** in part ATF's motion for summary judgment and **DENY** McWatters' motion for summary judgment.  The matter shall be remanded to ATF for further findings as to segregability.  The case will further be administratively closed.

### I.        BACKGROUND

On February 20, 2003, 100 people died in a fire while attending a concert by the rock band Great White at the Station nightclub in West Warwick, Rhode Island.  ATF MSJ, Ex. 1,

---

[1] This Amended Memorandum Opinion supersedes the court's memorandum opinion of March 31, 2022.  *See* ECF No. 20.

Siple Decl. ¶¶ 3-4.  One attendee—who perished in the fire— was carrying a personal recording device, and thus inadvertently recorded the moments surrounding the tragedy.  *Id.* ¶¶ 4-5. [2]

That recording was damaged during the fire.  *Id.*  However, ATF—which "played a substantial role . . . in the ensuing investigation"—was able to restore the recording through the work of their digital forensics professionals.  *Id.*  ATF states that no other audio recordings were recovered, and that the recording was used as a part of its investigation.  *Id.*

The recording is approximately 30 minutes long and can be divided into three parts.  *Id.* ¶ 6.  The first section captures the opening moments of the concert; "Great White taking the stage, cheering by the audience, . . . Great White warming up briefly for its performance," the host making announcements and introducing Great White, and Great White performing for about 5 minutes.  *Id.*  The second section starts with someone yelling "Fire!"  *Id.*  What can be heard are the sounds of panic, chaos, and eventually human suffering, including "crying, screaming, and groaning."  *Id.*  The second section also records the attendee's "last breaths and his struggle to stay alive."  *Id.*  The last section starts around 22 minutes into the recording, during which no more "audible human sounds" can be heard.  *Id.*

McWatters submitted a FOIA request via email on May 6, 2014 seeking the recording. *Id.* ¶ 3 & Ex. A, McWatters Email.  ATF acknowledged McWatters' request via email on August 8, 2014.  *Id.*  After conducting a search, ATF found only one responsive record—the recording itself.  *Id.*, Stmt. of Facts ¶ 2.  On December 9, 2019, ATF informed McWatters of its decision not to release the recording per FOIA Exemptions 6 and 7C.  *Id.* ¶ 3 (citing 5 U.S.C. §§

---

[2] ATF redacted this attendee's name "out of respect for privacy of his surviving family members."  Siple Decl. § 3 n. 2.  The court also declines to use the attendee's name.

552(b)(6), (7)(C)).  Because ATF determined there "were no reasonably segregable, non-exempt portions of the responsive record," ATF withheld the recording in full.  *Id.* ¶¶ 3-4.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To determine whether there is a genuine issue of material fact, the court must view all facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The majority of FOIA cases are resolved on motions for summary judgment.  *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). The district court's review of the agency's decision to withhold requested documents under FOIA's specific statutory exemptions is *de novo*. 5 U.S.C. § 552(a)(4)(B). The government agency bears the burden of showing that nondisclosed, requested information falls within a stated exemption. *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing *Id.*). The agency's justification for invoking a FOIA exemption is sufficient if it appears "logical" or "plausible." *Id.* (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)) (internal quotation marks omitted).

If an agency affidavit describes its reasons for withholding information in sufficient detail and is not contradicted by contrary evidence in the record or evidence of the agency's bad faith, then summary judgment may be warranted on the basis of the affidavit alone.  *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011).  The agency's justification for invoking a FOIA exemption is sufficient if it appears "logical" or "plausible."  *Id.* (quoting *Larson v. U.S. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)) (internal quotation marks omitted).  The burden to prove that a record is exempt from disclosure remains with the Government even when

a requester has filed a cross-motion for summary judgment.  *See Hardy v. ATF*, 243 F. Supp. 3d

155, 162 (D.D.C. 2017) (quoting *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904-

05 (D.C. Cir. 1999)).

### III.    ANALYSIS

McWatters contends that ATF's invocation of Exemptions 6 and 7(C) are improper, and

that the entire recording should be released.  In the alternative, he argues that ATF failed to meet

its statutory duty to release "[a]ny reasonably segregable portion of a record . . . after deletion of

the portions of the record which are exempt."  5 U.S.C. § 552(b); *see also Mead Data Cent., Inc.*,

*v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) (when nonexempt information

exists in a requested record, the agency must provide a "supporting justification" for why the

nonexempt information cannot be segregated and released).

### A.  Application of the FOIA Exemptions

FOIA Exemption 6 protects "personnel and medical files and similar files the disclosure

of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. §

552(b)(6).  Exemption 7(C) excludes law enforcement records from disclosure that "could be

reasonably expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. §

552(b)(7)(C).  Because Exemption 7(C) requires a lower threshold for withholding records than

Exemption 6, which contemplates a "clearly unwarranted invasion" of privacy, the court

addresses Exemption 7(C) first.  *See, e.g.*, *Citizens for Resp. and Ethics in Washington v. U.S.*

*Dep't of Just.*, 746 F.3d 1082, 1091 n.2 (D.C. Cir. 2014) (quoting *ACLU v. U.S. Dep't of Def.*,

655 F.3d 1, 6 (D.C. Cir. 2011)).

Exemption 7(C) requires the agency to first show that the records in question were

compiled for law enforcement purposes.  *See Rural Hous. All. v. U.S. Dep't of Agric.*, 498 F.2d

73, 80 (D.C. Cir. 1974).  The parties do not dispute that the recording was compiled for a law

enforcement purpose, and the agency has made this showing.  ATF MSJ, Ex. 1, Siple Decl. ¶ 4 ("the damaged audio recording at issue was obtained and restored by ATF, . . . during the course of a fire investigation that resulted in the criminal prosecution of numerous individuals.")

The agency must then demonstrate a privacy interest that might be invaded by disclosure. *U.S. Dep't of Just. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989). ATF invokes what it terms the "survivor privacy" doctrine, asserting the "privacy interests of surviving family members of persons who have perished under tragic circumstances."  ATF MSJ, Ex. 1, Siple Decl. ¶ 10 (citing *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157 (2004); *New York Times Co v. NASA*, 782 F. Supp. 628 (D.D.C. 1991)).  ATF also raises the specific privacy interests of the attendee's family members because "the recording, . . . all too tragically, captures the final moments of his life."

Family members of decedents have a right to personal privacy with respect to images and audio of their close relative's final moments.  *Favish*, 541 U.S. at 170.  The release of audio recordings of a "beloved family member immediately prior to that family member's death" infringes that right, because it may cause additional pain, disruption to peace of mind, additional anguish, or annoyance or harassment.  *Id.* (internal citations and quotation marks omitted); *see also Lesar v. U.S. Dep't of Just.*, 636 F.2d 472 (D.C. Cir. 1980) (affirming denial of documents related to Dr. Martin Luther King, Jr.'s assassination to avoid "annoyance or harassment"); *NASA*, 782 F. Supp. at 631-32 ("[e]xposure to the voice of a beloved family member immediately prior to that family member's death . . . would cause the Challenger families pain . . . and a disruption of their peace of mind. . . ."); *Katz v. Nat'l Archives and Records Admin.*, 862 F. Supp. 476, 485 (D.D.C. 1994) (exempting autopsy X-rays and photographs of President Kennedy's assassination to avoid "additional anguish" to his family).

McWatters responds by offering the Declaration of an audio engineer who states that it would be impossible to determine "the actual individual personal identities of specific persons from the sounds of human suffering that one would expect to be captured on this type of audio recording."  Pl.'s MSJ, Kincaid Decl. at ¶ 4.  McWatters provides no precedent or other authority for this proposition, but relies on FOIA cases that address different exemptions and principles. Pl.'s MSJ at 11 (citing *King v. U.S. Dep't of Just.*, 830 F.2d 210, 217 (D.C. Cir. 1987) (considering Exemption 1); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) *cert. denied*, 415 U.S. 977 (1974) (*Vaughn* indexes)); Pl.'s Reply at 3, 8 (citing *United States Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982) (holding Exemption 6 is not limited only to "personnel' or 'medical' files"); *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977) (considering Exemption 5)).

McWatters does correctly point out that there must be more than just a "mere possibility" of a threat to privacy implicated in a record's disclosure.  Pl.'s Reply at 8 (citing *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1467 (D.C. Cir. 1983)).  But ATF has met the standard of a "mere possibility" of harm; it has identified some specific voices on the recordings, and the identifies of those who perished in the fire are known.  The court is unaware of any authority requiring ATF to individually identify each victim from their last moments, the court does not find that ATF was required to undergo such an analysis.  Thus, ATF has adduced legitimate privacy interests that would be invaded by the release of the recording.

At this juncture, the requestor bears the burden of asserting a public interest in disclosure that is (1) "significant" and "more specific than having the information for its own sake" and (2) that "'show[s] the information is likely to advance that interest.'"  *Boyd v. Criminal Div. of U.S. Dep't of Just.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Favish*, 541 U.S. at 172).  "The only

public interest relevant for purposes of Exemption 7(C) is one that focuses on the citizens' right
to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Just.*, 968 F.2d
1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773) (internal quotation
marks and citation omitted).  Thus, only public interests that "shed[] light on an agency's
performance of its statutory duties" qualify under Exemption 7(C).  *Multi Ag Media LLC v. U.S.
Dep't of Agric*, 515 F.3d 1224, 1231 (D.C. Cir. 2008) (quoting *Reporters Comm.*, 489 U.S. at
773)).

McWatters represents that the public interest lies in "encourag[ing] the ATF, (and other
federal agencies) to adopt and improve fire safety laws and measures to, in order to prevent
future catastrophic fire incidents, save lives."  Pl.'s MSJ at 12 & McWatters Decl. ¶¶ 9-10.
McWatters claims that the recording, specifically, will help

> legislators, public fire safety experts and staff, and [] members of the public . . .
> better understand the rapid time line of fire events in public venues, the value of
> having timely fire safety measures in place at such venues, and in better
> understanding the human / social response to the public when fires occur in public
> event settings, in order to determine if there is a need for ATF and other fire
> regulating agencies to adopt better fire safety measures for public event venues,
> and if so, to use this audio recording as an additional tool to evaluate what
> additional measures, by ATF and other agencies, are appropriate and needed to
> save human lives . . . .[, and] to encourage federal legislators to revisit seeking
> enactment of the [Fire Sprinkler Incentive Act].

*Id.* ¶ 10.[3]

In short, McWatters claims he seeks the recording to raise awareness of how to prevent
future fire-related catastrophes similar to the Station nightclub fire.  But it is not clear how the

---

[3] McWatters makes further arguments as to the public interest in his Reply through a second
declaration, and then accuses ATF of "inaccurate[ly]" characterizing the public interest.
However, a party may not raise an issue for the first time in a reply brief.  *Rollins Envtl. Servs.
(NJ) Inc. v. EPA*, 937 F.2d 649, 652 n.2 (D.C. Cir. 1991).

recording will assist in advancing the public interest related to ATF's performance of its duties. While McWatters invokes ATF in his declaration, he makes no connection between the recording's contents and ATF's performance of its duties; i.e., its investigation after the Station nightclub fire. The court therefore finds that McWatters has failed to demonstrate a public interest in the recording's disclosure.

The court thus turns to the balancing test. Here, the families of the many victims heard on the recording, including members of Great White and the attendee who made the recording, have a significant privacy interest in nondisclosure. By contrast, McWatters has failed to state a public interest. Without any such interest, the court "need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time." *Nat'l Ass'n of Ret. Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989). The court thus finds that ATF has properly withheld the records under FOIA Exemption 7(C) and will grant summary judgment to ATF on this issue.

**B.  Segregability**

ATF has a statutory duty to provide McWatters with "[a]ny reasonably segregable portion of a record . . . after deletion of the portions of the record which are exempt." 5 U.S.C. § 552(b). McWatters identified three portions of the recording: before, during, and after the start of the fire. ATF addresses specifically why the before and during portions of the recording should be exempt. ATF MSJ, Ex. 1, Siple Decl. ¶¶ 10-11. But no information is provided as to segregation efforts for the last 8 minutes of the recording, when no human voices are audible, or if that portion of the recording is itself exempt under Exemption 7(C).

Because ATF provided at least some information as to segregability, the court will order ATF to provide additional information as to segregability and whether the final 8 minutes of the recording might also be exempt, and to file a renewed motion for summary judgment. *See*

*Judicial Watch, Inc. v. U.S. Dep't of Navy*, 25 F. Supp. 3d 131, 143-144 (D.D.C. 2014) (permitting agency to submit additional information after denial of motion for summary judgment) (citing *Sims v. CIA*, 642 F.2d 562, 566 (D.C. Cir. 1980)).  Accordingly, both motions for summary judgment will be denied without prejudice as to segregability.

## IV.    CONCLUSION

For the foregoing reasons, ATF's motion for summary judgment will be **GRANTED in part and DENIED in part** and McWatters' cross-motion for summary judgment will be **DENIED**.  The matter will be remanded to ATF for further findings as to segregability.

A corresponding order will accompany this memorandum opinion.  The Clerk of the Court is hereby directed to **ADMINISTRATIVELY CLOSE** the case.


Date: August 15, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge